`

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBIE L. CRISP, III, | No. 2:17-cv-0580 JAM DB P |
| Plaintiff, | |
| v. | ORDER |
| J. BARRETTO, et al., | |
| Defendants. | |

    Plaintiff is a former state prisoner[1] proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Plaintiff alleges that defendants violated various constitutional rights when they denied him a temporary release to attend his mother's funeral. Before the court are plaintiff's motion to proceed in forma pauperis and plaintiff's complaint for screening. For the reasons set forth below, the court will grant plaintiff's motion to proceed in forma pauperis and finds plaintiff has failed to state potentially cognizable claims under § 1983. Because the court further finds any amendment would be futile, the court recommends dismissal of this action.

////

////

---

[1] On June 5, 2017, plaintiff filed a change of address which indicates that he is no longer incarcerated. (ECF No. 8.) The court then instructed plaintiff to file an updated motion to proceed in forma pauperis. He has done so. (ECF No. 11.)

1

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915. (ECF No. 11.) Accordingly, the request to proceed in forma pauperis will be granted.

**SCREENING**

**I.   Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II. Allegations of the Complaint[2]

Plaintiff identifies the following defendants: Warden Jennifer Barretto, Captain A. Ladson, Counselor Jimminez, and Does 1-10. (ECF No. 1 at 2.)

Plaintiff contends defendants used his gang membership status as an excuse to deny him the right to a temporary release to attend his mother's funeral. He provides a copy of the denial which provides the following reasons: plaintiff's "documented membership status with the Crips

---

[2] In June, plaintiff mailed a second complaint to the court. It was filed as an amended complaint in this case. (ECF No. 10.) In a filing dated July 17, 2017, plaintiff informed the court that he intended that second complaint to open a new action. (See ECF No. 12.) By separate order, the court instructs the Clerk of the Court to strike the amended complaint from this action and open a new case. For these reasons, the above-captioned case proceeds on plaintiff's original complaint filed here on March 17, 2107. (ECF No. 1.)

3

STG [security threat] group poses a significant risk to the safety and security of custody staff in a community setting and his presence in the community may evoke adverse reactions due to his sex offender status." The document is signed by defendants Ladson and Jimenez. (ECF No. 1 at 17-18.)

Plaintiff argues these reasons violated established guidelines for permitting funeral releases. He also contends he was discriminated against based on his "juvenile record" and was subjected to oppression, harassment, and negligent conduct. As a result, plaintiff states that he suffered mental anguish, exacerbated by his history of depression and suicide attempts.

### III. Does Plaintiff State a Cognizable Claim?

Plaintiff's allegations do not amount to claims cognizable under § 1983 for a number of reasons. First, plaintiff has no constitutional or statutory right to attend a family member's funeral. See Thomas v. Farley, 31 F.3d 557, 559 (7th Cir. 1994) (Federal law does not entitle a prisoner to compassionate leave.); Kinder v. Merced County, No. 1:10-cv-1789 LJO GSA, 2010 WL 4483818, at *3 (E.D. Cal. Nov. 1, 2010) (no constitutionally protected liberty interest in attending funerals); Tribesman v. Cal. Corr. Peace Officers Assoc., No. EDCV 09-1244-GHK MLG, 2009 WL 2596622, at *2 (C.D. Cal. Aug. 21, 2009) ("Plaintiff's request for money damages due to the failure to allow him to attend the funeral of his grandmother has no statutory or constitutional basis."). The denial of leave to attend a funeral does not amount to a "denial of the minimal civilized measure of life's necessities" in violation of the Eighth Amendment, McCowen v. Clark, No. 1:09-cv-0664-LJO-SMS-YNP (PC), 2009 WL 2460883, at *3 (E.D. Cal. Aug. 10, 2009); and does not violate a prisoner's due process rights because denying leave to attend a funeral does not impose an "atypical and significant hardship on the inmate," id.

Second, plaintiff's claim that he was discriminated against based on his "juvenile record" is apparently an argument that he was discriminated against based on his status as a sex offender. However, the Ninth Circuit Court of Appeals has held that neither sex offenders nor juvenile sex offenders are a protected class under the Equal Protection Clause. See United States v. Juvenile Male, 670 F.3d 999, 1009 (9th Cir. 2010) (citing United States v. LeMay, 260 F.3d 1018, 1030-31 (9th Cir. 2001)). Further, to the extent plaintiff is claiming discrimination based on the fact he

was a juvenile at the time of that crime, "age is not a suspect classification" either. Gregory v. Ashcroft, 501 U.S. 452, 470 (1991). Therefore, plaintiff does not state an equal protection claim for discrimination. See Barren v. Harrington, 152 F.3d 1193, 1194-95 (9th Cir. 1998) (failure to demonstrate membership in a protected class means plaintiff has not stated an equal protection clause claim).

Third, to the extent plaintiff is alleging his federal constitutional rights were violated due to harassment or oppression, neither threats nor harassment state a claim under § 1983. See Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, 1353 (9th Cir. 1981), aff'd sub nom., Kush v. Rutledge, 460 U.S. 719 (1983).

Finally, because plaintiff does not state any cognizable federal claims under § 1983, the court declines to exercise supplemental jurisdiction over plaintiff's state law claims. See 28 U.S.C. § 1367.

Leave to amend is not required here as the deficiencies in the pleadings could not be cured by the allegation of other facts. Ramirez v. Galaza, 334 F.3d 850, 861 (9th Cir. 2003); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000); Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995). Accordingly, the court will recommend dismissal of this action.

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motions to proceed in forma pauperis (ECF Nos. 4, 7) which were filed while he was incarcerated are denied as moot.
2. Plaintiff's renewed motion to proceed in forma pauperis (ECF No. 11) is granted.

And, IT IS HEREBY RECOMMENDED that plaintiff's complaint be dismissed and this case be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified

////

5

1 | time may result in waiver of the right to appeal the district court's order.  <u>Martinez v. Ylst</u>, 951
2 | F.2d 1153 (9th Cir. 1991).
3 | Dated:  July 31, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

22 | DLB:9
DLB1/prisoner-civil rights/cris580.scrn2